**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DR. PADMA RAO,

Plaintiff,

v.

JPMORGAN CHASE BANK N.A., et al.

Defendants.

Case No. 21-CV-1361

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Dr. Padma Rao ("Plaintiff") has sued Defendant JPMorgan Chase Bank, N.A. ("Chase") for defamation. After remand from the Seventh Circuit, Plaintiff now moves to compel certain discovery responses from Chase. [85]. For the reasons explained below, Plaintiff's Motion [85] is granted in part.

### I. Background

#### A. Factual Background

The Seventh Circuit previously detailed the factual background of the parties' dispute. *Rao v. J.P. Morgan Chase Bank, N.A.*, 153 F.4th 541, 546–548 (7th Cir. 2025). For the sake of brevity, the Court repeats herein only the pertinent details from the Seventh Circuit's opinion.

In August 2012, Plaintiff's mother, Basavapunnamma Rao ("B.K. Rao") added Plaintiff as the payable on death ("POD") beneficiary on her two Chase personal accounts. *Id.* at 546. By late 2013, B.K. Rao had passed away and an Illinois probate

1

court appointed Plaintiff as the administrator of her mother's estate. *Id*. In 2018, the probate court replaced Plaintiff with Midland Trust Company ("Midland Trust"). *Id*.

In early 2020, Midland Trust's attorney, Mark Singler ("Singler"), met with Keifer Krause ("Krause"), a banker with Chase, to determine the POD beneficiary on B.K. Rao's Chase accounts. *Id*. After reviewing "all available information" at the meeting, Krause determined the POD designations for B.K. Rao's accounts "were established on June 11, 2013 by Padma Rao … as the agent of the Power of Attorney for Property." *Id*. at 546–547. Krause then shared with Singler the signature cards for the year 2013. *Id*. at 547. After reviewing the 2013 signature cards, Singler asked Krause if these "were the documents establishing the POD Beneficiary Designation" for the accounts. *Id*. Krause confirmed that they were. *Id*.

On March 16, 2020, Singler filed a report with the Illinois probate court stating that Plaintiff had used her agency as Power of Attorney ("POA") to name herself as the POD beneficiary of B.K. Rao's Chase accounts. *Id*. Under Illinois law, it would have been illegal for Plaintiff to give herself this designation. *Id*.

On April 16, 2020, Singler followed up with Krause via email and in-person to confirm whether the POD designation for B.K. Rao's Chase accounts was indeed established by the 2013 signature cards. *Id*. Krause continued to affirm that it was. *Id*.

On April 23, 2020, Plaintiff contacted Chase. *Id*. Plaintiff avers that Chase employees familiar with her confirmed that, pursuant to Chase's policy, someone with POA could never designate herself as a POD beneficiary. *Id*. The Chase employees,

Plaintiff maintains, also provided her with the 2012 signature cards that B.K. Rao had executed. *Id.*

Also on April 23, 2020, Krause and Singler met for a third time, with Singler requesting that Krause review all documents establishing the POD beneficiary designations for B.K. Rao's Chase accounts. *Id.* at 548. At last, Krause reviewed the signature cards B.K. Rao executed in August 2012, when she added Plaintiff as POD beneficiary. *Id.* Krause claims that during his first and second meetings with Singler he had believed "that the only documents establishing the POD Beneficiary Designations for [the accounts] were the 2013 [signature cards]" and it was not until the third meeting that he discovered the 2012 signature cards. *Id.*

### B. Procedural Background

Plaintiff initiated this action in the Circuit Court of Cook County, Illinois on March 3, 2021, asserting claims for defamation (Count I), false light invasion of privacy (Count II), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 (Count III), and public disclosure invasion of privacy (Count IV). [1-1]. Her Complaint names Krause, Chase, and JPMorgan Chase and Co. (a Delaware Corporation) as defendants.[1] *Id.*

On March 11, 2021, Chase timely removed Plaintiff's action to federal court based on diversity jurisdiction. [1]. Then, on April 22, 2021, Krause and Chase moved to dismiss all four counts in Plaintiff's Complaint. [13].

---

[1]Plaintiff later voluntarily dismissed Krause, leaving Chase as the only defendant.

On March 22, 2022, Judge Lee[2] granted Krause and Chase's motion to dismiss in part, dismissing Counts II, III, and IV, but allowing Count I to proceed. [29].

On May 20, 2022, Plaintiff served written discovery on Chase seeking, among other things, information relating to Chase's policies and procedures for POD designations on Chase bank accounts. [87], Ex. A at Document Request Nos. 8, 9; *Id.*, Ex. B at Interrogatory Nos. 10, 12.

On July 5, 2022, Chase served its responses and objections to Plaintiff's written discovery. [87], Exs. A, B. In connection with Plaintiff's requests for information related to POD designation policies, Chase objected based on relevance, vagueness, undue burden, and confidentiality, among other things. [87], Ex. A at Response to Document Request Nos. 8, 9; *Id.*, Ex. B at Response to Interrogatory Nos. 10, 12.

On July 21, 2022, Plaintiff's counsel sent a letter to Chase's counsel to "address numerous deficiencies in [Chase's] responses to plaintiff's discovery requests." [87], Ex. C at 1. Among other items, Plaintiff raised issues with Chase's objections to Interrogatory Nos. 10 and 12 and Document Request Nos. 8 and 9. *Id.* at 2–5. Plaintiff's counsel asserted that those interrogatories and document requests were relevant as to whether Chase abused any qualified privilege defense by failing to thoroughly investigate its own POD designation procedures and policies. *Id.* at 3–6.

On August 4, 2022, Chase responded, [87], Ex. D, maintaining that its objections to Document Request Nos. 8 and 9 and Interrogatory Nos. 10 and 12 were appropriate

---

[2]Judge Lee was originally assigned to this action. The action was reassigned to this Court on September 9, 2022. [45].

and reasonable. *Id*. at 1, 5. On August 10, 2022, Plaintiff again requested that Chase's counsel provide the requested documents and answers related to Chase's POD designation policies. [87], Ex. E at 1, 3. On August 17, 2022, Chase again reaffirmed its objections. *Id.*, Ex. F at 3–5.

Discovery closed on February 15, 2023. [61]. Plaintiff never filed a motion to compel against Chase with respect to any aspect of discovery.

### C. The Seventh Circuit's Decision and Subsequent Events

On October 7, 2025, the Seventh Circuit reversed this Court's grant of summary judgment, finding questions of fact existed regarding the alleged defamatory statement and whether the qualified privilege applied. *Rao*, 153 F.4th 541; [81] [82] [83].

Following the Seventh Circuit's ruling, on October 17, 2025, Plaintiff's counsel sent a letter to Chase's counsel asserting that Chase had "refused to answer interrogatories or provide documents" to Plaintiff regarding its POD designation polices during discovery and requesting that Chase supplement its discovery to produce those documents and answers now in view of the Seventh Circuit's decision. [87], Ex. G. After Chase refused to do so, on October 23, 2025, Plaintiff filed the instant Motion. [85].

### II. Analysis

At a high level, Plaintiff's Motion maintains that Chase violated its Rule 26(e)(1)(A) obligation to supplement and correct its incorrect discovery responses following the Seventh Circuit's opinion. [85] at 1. Specifically, Plaintiff maintains that

5

Chase's original relevancy objections to her requests for Chase's POD designation policies were directly contradicted by the Seventh Circuit's decision and that the Seventh Circuit's opinion constitutes new material matter that requires Chase to correct its incorrect discovery responses. *Id.* In response, Chase argues that Plaintiff's Motion is improper because it (1) is untimely, (2) misconstrues the duty to supplement under Rule 26(e), and (3) does not dispute the validity of Chase's other objections. [87]. The Court addresses each of Chase's points in turn.

### A. Timeliness

Chase maintains that Plaintiff's Motion is untimely as it was filed more than three years after the close of fact discovery. *Id.* at 7–9. While the Federal Rules of Civil Procedure place no time limit on filing a motion to compel, district courts "may deny motions as untimely due to unexplained or undue delay or when the late motion will require an extension of the discovery period." *Medicines Co. v. Mylan Inc.*, No. 11 C 1285, 2013 WL 120245, at *2 (N.D. Ill. Jan. 9, 2013) (citing cases). "This power arises from the 'extremely broad discretion in controlling discovery,' and the Court may exercise this discretion to deny a motion to compel as untimely." *Id.* (citing *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 336 (N.D.Ill.2005)). Notwithstanding this discretion, "motions to compel filed after the close of discovery are almost always deemed untimely." *Id.*

Motions to compel filed pursuant to Rule 26(e), however, operate differently. This is because "[i]t is axiomatic that a party's obligation to supplement discovery under Rule 26(e) does not end when discovery closes." *Munive v. Town of Cicero*, No. 12 C

6

5481, 2016 WL 8673072, at *7 (N.D. Ill. Oct. 14, 2016) (quotations and citation omitted). Consistent with this obligation, courts have consistently recognized that "a motion to enforce Rule 26(e)'s supplementation requirement may [] be brought after the close of discovery." *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022); *Gorzynski v. Jet Blue Airways Corp.*, No. 03CV774A, 2012 WL 712067, at *4 (W.D.N.Y. Mar. 5, 2012) (finding the duty to supplement under Rule 26(e)(1) "can be compelled … by a motion to compel despite the fact that the discovery deadline has long passed."); *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011) (deeming a motion to compel supplementation pursuant to Rule 26(e) "not untimely because the duty to supplement continues even following the close of discovery."); *Covil Corp. by & through Protopapas v. United States Fid. & Guar. Co.*, 544 F. Supp. 3d 588, 597 (M.D.N.C. 2021) (same).

As Plaintiff's Motion relates to Rule 26(e) supplementation, the fact that discovery closed more than three years ago does not render it untimely. The obligation to supplement continues even after the close of discovery. Accordingly, under these unique circumstances, the Court finds Plaintiff's Motion timely.

### B. Supplementation under Rule 26(e)

As an alternative, Chase asserts that Plaintiff's Motion should be denied because, although Rule 26(e) imposes a duty to supplement, it does not impose a duty to supplement discovery requests that were objected to yet never challenged during the discovery period. [87] at 9–13.

7

Numerous courts have agreed with Chase's position, albeit for varying reasons. Some frame it as a matter of logic: there is "nothing to supplement" where the responding party objected to a discovery request and never actually answered. *Top Lighting Corp. v. Linco Inc.*, No. EDCV1501589JVSKKX, 2019 WL 3295645, at *1 (C.D. Cal. May 7, 2019); *Rock v. Nat'l Collegiate Athletic Ass'n*, No. 1:12-CV-1019-JMS-DKL, 2016 WL 559224, at *3 (S.D. Ind. Feb. 12, 2016) ("Defendant did not have a duty to 'supplement' responses to discovery to which it had objected and had never made."). Others treat a requesting party's failure to challenge the objected to discovery request as a "waive[r]" of "their ability to require supplementation under Rule [26](e)." *Pacific Sun Pub. Co., Inc. v. Chronicle Pub. Co., Inc.*, 1981 WL 380709 at *1 (N.D. Cal. Apr. 13, 1981); *BASF Corp. v. Old World Trading Co.*, No. 86 C 5602, 1992 WL 22201, at *3 (N.D. Ill. Jan. 31, 1992). And still others reach the same result without articulating a specific rationale. *Lannett Co., Inc. v. KV Pharms., Drugtech Corp.*, No. CV 08-338-JJF, 2009 WL 10737502, at *3 (D. Del. Mar. 6, 2009) ("KV need not supplement Request No. 71 because it objected to producing that information, and Lannett never challenged those objections or moved to compel in a timely fashion."); *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 2185981, at *6 (E.D. La. Feb. 23, 2023) (finding party had "no obligation to supplement its discovery responses" where party "properly responded with objections and identified the documents on a privilege log.").

Regardless of the underlying theory, these cases hold that where a responding party makes timely, unchallenged objections to a discovery request, there is no Rule

26(e) obligation to later supplement that request. And this is what happened here. It is undisputed that Chase objected to each of the discovery requests at issue and declined to produce documents or written answers. Equally undisputed is the fact that Plaintiff did not seek relief from the Court on those objections while discovery was still open. As such, under the authority above, Rule 26(e) would not typically create any obligation on Chase to supplement those objected to, unchallenged discovery requests.

But the situation in this case is quite different. Here, the Seventh Circuit reversed this Court and remanded Plaintiff's action "for further proceedings consistent with [its] opinion." *Rao*, 153 F.4th at 557. This triggered the mandate rule, which requires this Court "comply with the express or implied rulings of the appellate court." *In re A.F. Moore & Assocs., Inc.*, 974 F.3d 836, 840 (7th Cir. 2020) (citing *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000)). Stated another way, this Court must follow "the spirit as well as the letter of the [Seventh Circuit's] mandate." *Id.* (citing *In re Cont'l Ill. Sec. Litig.*, 985 F.2d 867, 869 (7th Cir. 1993)).

True, the Seventh Circuit's opinion did not explicitly touch on discovery issues. But the "spirit" of the opinion is clear. *Id.* After concluding that "[a] reasonable jury could infer that Krause should have known Chase's policy which prevented the use of a POA to designate a POD beneficiary on an account," the Seventh Circuit explained that "[e]vidence of Chase's [POD designation] policy, the substance of which Chase does not contest …. create[s] genuine, material issues of fact as to Krause's recklessness" and, in turn, "whether Krause abused his qualified privilege."

9

*Rao*, 153 F.4th at 554. The natural implication of this holding is not only that evidence of Chase's POD designation policies is relevant, but that such evidence should go to a jury for them to make a factual determination as to Krause's recklessness.

It is not entirely clear, however, whether this particular set of circumstances fits neatly within Rule 26(e)(1)(A)—the provision under which Plaintiff has styled her Motion. Neither party has provided the Court with any authority that exactly mirrors this issue. Nor has the Court found any. Nevertheless, even if Rule 26(e)(1)(A) technically does not apply, "Rule 26(e)(1)(B) authorizes a court to order a party to supplement discovery even where there is no duty to supplement under Rule 26(e)(1)(A)." *Delgado v. ILWU-PMA Welfare Plan, etc*, No. CV 18-5539-CBM(EX), 2023 WL 11935908, at \*1 (C.D. Cal. Mar. 20, 2023) (requiring supplementation under Rule 26(e)(1)(B) where the parties disputed the application of Rule 26(e)(1)(A)). The situation here is unique enough to warrant supplementation by Chase of its POD designation policies in response to Plaintiff's Interrogatory Nos. 10 and 12 and Document Request Nos. 8 and 9. Such production will allow the jury to decide the issue of Krause's recklessness with all the relevant evidence. Keeping this evidence away from the jury would, in this Court's view, violate the "spirit" of the Seventh's Circuit's holding. *A.F. Moore*, 974 F.3d at 840.

### C. Defendant's Remaining Objections

As a final argument against supplementation, Chase asserts that aside from relevancy, there are other, unchallenged grounds for withholding the discovery that

10

Plaintiff seeks. [87] at 13. The Court is unpersuaded. Though Chase also objected to Document Request Nos. 8 and 9 and Interrogatory Nos. 10 and 12 based on vagueness, overbreadth, undue burden, disproportionality, timeframe, and confidentiality/trade secrets, those objections were cursory and generally unexplained. Courts in this district reject such unadorned boilerplate "objections" as tantamount to no objections at all. *Extended Care Clinical v. Scottsdale Ins.*, No. 20 C 7132, 2021 WL 2894163, at *2 (N.D. Ill. July 8, 2021) (collecting cases). This Court will too and will not fault Plaintiff for not moving to invalidate those other objections in her Motion.

### III.    Conclusion

For the stated reasons, Plaintiff's Motion to Compel [85] is granted in part. Chase shall supplement Interrogatory Nos. 10 and 12 and Document Request Nos. 8 and 9 with information relating to its policies and procedures for POD designations on bank accounts, including Chase's policy to prevent the use of a POA to designate a POD beneficiary on an account. The supplementation, however, will not be unbounded. Chase is required to provide its POD designation policies and procedures only for the years identified in Exhibit C to Plaintiff's Motion (*i.e.*, the year in which Krause performed his investigation and the year in which Plaintiff's purported fraudulent conduct occurred).[3] [85], Ex. C. Chase shall produce its supplement by May 6, 2026.

---

[3]The Court notes that Plaintiff's October 17, 2025 letter states two years, "2021" and "2022," as "the year in which Krause performed his investigation." This appears to have been in error.

11

The Clerk of the Court is directed to modify the case caption to reflect that Defendant Kiefer Krause has been dismissed from this action. [81]. Defendant JPMorgan Chase and Co. (a Delaware Corporation) is still in the case caption, but does not appear to have been served, nor has any of the activity in this action been directed towards Defendant JPMorgan Chase and Co (a Delaware Corporation). Accordingly, the Court *sua sponte* dismisses Defendant JPMorgan Chase and Co (a Delaware Corporation) for want of prosecution.

E N T E R:

Dated: April 24, 2026

MARY M. ROWLAND
United States District Judge

12