**FILED**
7/17/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DR. PADMA RAO,

        Plaintiff,

   v.

JPMORGAN CHASE BANK, N.A.,

        Defendant.

No. 21-cv-01361

Hon. Mary M. Rowland

## FINAL JURY INSTRUCTIONS

# INSTRUCTION NO. 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

# INSTRUCTION NO. 2

During this trial, I have asked a witness a question myself. Do not assume that because I asked a question I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

# **INSTRUCTION NO. 3**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true. You must accept those facts as proved.

# INSTRUCTION NO. 4

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

# INSTRUCTION NO. 5

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

# INSTRUCTION NO. 6

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

# INSTRUCTION NO. 7

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

# INSTRUCTION NO. 8

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**INSTRUCTION NO. 9**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**INSTRUCTION NO. 10**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

# INSTRUCTION NO. 11

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

# INSTRUCTION NO. 12

In this case the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

# INSTRUCTION NO. 13

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

# <u>INSTRUCTION NO. 14</u>

A statement is defamatory if it harms a person's reputation, such that the statement lowers the reputation of that person in the eyes of the community or deters others from associating with that person.

# INSTRUCTION NO. 15

To succeed on her defamation *per se* claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Kiefer Krause made a statement to Mark Singler asserting that Plaintiff had improperly used her Power of Attorney on her mother's Chase accounts to designate herself as the beneficiary on her mother's accounts;

2. That statement was false;

3. That statement was in fact understood by Mr. Singler to be defamatory

If you find from your consideration of all the evidence that Plaintiff failed to prove any one of these elements by a preponderance of the evidence, then you must return a verdict for Defendant.

# INSTRUCTION NO. 16

A statement constitutes defamation *per se* by accusing a plaintiff of committing a crime only when it: (1) directly and expressly accuses the plaintiff of committing a specific crime, and (2) the crime is indictable, involves moral turpitude, and is punishable by death or imprisonment rather than merely a fine. Vague, implied, or general accusations of criminal conduct are insufficient.

# **INSTRUCTION NO. 17**

When I say that a particular party must prove something by "clear and convincing evidence," this is what I mean: When you have considered all of the evidence, you are convinced that it is highly probable that it is true.

# INSTRUCTION NO. 18

Certain communications are privileged. A qualified privilege is a defense that protects a defendant from liability for a defamatory statement when the statement was made as an honest communication to facilitate the availability of correct information. In evaluating Plaintiff's defamation *per se* claim, you must also determine whether Plaintiff has overcome a qualified privilege that protects the statement at issue. In this case, the Court already has found that a qualified privilege applies. You must accept that determination.

Plaintiff may overcome the qualified privilege by proving that Defendant abused the privilege. To do so, Plaintiff must prove by clear and convincing evidence that Defendant acted with reckless disregard of Plaintiff's rights. Reckless disregard means that the publication was made despite a high degree of awareness that the statement was probably false. Reckless disregard may include failure to properly investigate the truth of the matter.

If Plaintiff has not proven, by clear and convincing evidence, that Defendant acted with reckless disregard of Plaintiff's rights, then you must return a verdict in favor of Defendant.

## **INSTRUCTION NO. 19**

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

**<u>INSTRUCTION NO. 20</u>**

If you decide for Plaintiff on the question of liability on her defamation *per se* claim, you may award the amount of money which will reasonably and fairly compensate her. In this matter, Plaintiff is not required to prove actual damage to her reputation to recover damages, as defamation *per se* is considered so obviously and materially harmful to Plaintiff that injury to her reputation may be presumed. These presumed damages include damages for mental suffering, personal humiliation, impairment of professional reputation and standing in the community and for economic loss. These presumed damages, however, can be rebutted by Defendant's evidence.

If you find that Plaintiff has not proved any actual compensatory damages in any of these categories, you only must award nominal damages. Nominal damages are a small sum of money awarded to recognize that the Plaintiff's legal rights were violated even though no actual damages were proven. The amount of nominal damages should be small and should not be used to compensate Plaintiff for any injury. Nominal damages are not intended to punish Defendant or to express disapproval; they are only to recognize a technical violation of legal rights where no actual injury has been proven.

# **INSTRUCTION NO. 21**

In addition to compensatory damages for Plaintiff's presumed damages, you may award punitive damages to punish Defendant in order to deter Defendant and others from committing similar acts of wrongdoing in the future. Punitive damages may be awarded when the defendant's tortious conduct evinces a high degree of moral culpability, that is, when the tort is committed with actual malice, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.

## INSTRUCTION NO. 22

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1.  How reprehensible was Defendant's conduct?

On this subject, you should consider the following:

   a) The facts and circumstances of Defendant's conduct;

   b) The financial vulnerability of the Plaintiff;

   c) The duration of the misconduct;

   d) The frequency of Defendant's misconduct;

   e) Whether the harm was physical as opposed to economic;

   f) Whether Defendant tried to conceal the misconduct;

2.  What actual and potential harm did Defendant's conduct cause to Plaintiff in this case?

3.  The Defendant's wealth (*i.e.*, what amount of money is necessary to punish Defendant and discourage Defendant and others from future wrongful conduct?)

# INSTRUCTION NO. 23

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

# INSTRUCTION NO. 24

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

# INSTRUCTION NO. 25

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts